IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UTILITY CONSTRUCTION COMPANY, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | (Judge Matthew H. Solomson) CIVIL ACTION NO. 1:22-cv-00860 |
| THE UNITED STATES, | § § | |
| Defendant. | § | |

**PLAINTIFF'S OPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER**

COMES NOW Plaintiff, Utility Construction Company, Inc. ("Plaintiff" or "UCC"), and, pursuant to Rules 5.2 and 26(c) of the Rules of the Court of Federal Claims ("RCFC"), requests entry of the attached standard form Protective Order.  (**Exhibit A**).  Plaintiff expects that production in discovery will result in an exchange of proprietary information by the Parties and third parties in this case, thus making a protective order essential.

**I.      Protective Order Standard**

RCFC 26(c) permits a party to move for a protective order and allows the Court, for good cause shown, to issue a Protective Order to protect a party from annoyance, embarrassment, oppression, undue burden, or expense, and requiring that a trade secret or other confidential research, development, or commercial information not be revealed or only revealed in a specific way.  RCFC 26(c)(1)(G).  The court's ability to enter protective orders stems from the "inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (citations and internal quotation marks omitted). "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders," which includes "broad discretion . . . to decide when a protective order is

appropriate and what degree of protection is required." *Id.* at 36; *see also In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 413 (E.D. N.Y. 2007) ("Courts are endowed with broad discretion to tailor protective orders to the circumstances of a particular litigation.") (citation omitted).

When ruling on a motion of this kind, this Court must balance the need of one (1) litigant to access proprietary information to present its case with the potential that irreparable harm may be suffered by the disclosing party. *Rice v. United States*, 39 Fed. Cl. 747, 750 (1997). Federal courts widely use umbrella or blanket protective orders, "particularly in complex cases or cases involving large-scale discovery" on a good cause showing by the party seeking protection. *Armour of Am. v. United States*, 73 Fed. Cl. 597, 599 (2006). When an umbrella protective order is issued, the Court does not find that a particular document is proprietary, but instead, is enacted as an efficiency measure. *Id.*

## II.   <u>Conference of Counsel & Argument</u>

Plaintiff has conferred in good faith with counsel for the United States ("Defendant" or "Government"), who is opposed to this Motion. On March 27, 2023, counsel for the Government expressed opposition to the proposed Protective Order sent by Plaintiff, arguing that public legal proceedings are a fundamental goal of the legal system and proposing that if there is a "secret" that needs protection, then redacted versions should be exchanged and logged in a proposed protective order.

As Plaintiff stated to the Government, Plaintiff does not seek a Protective Order to prevent this case from being a public legal proceeding. Instead, Plaintiff seeks to protect its proprietary and confidential information from public disclosure, which is one (1) of the bases upon which protective orders are issued. RCFC 26(c)(1)(G); *see also Armour of Am.*, 73 Fed. Cl. at 601 ("Pretrial discovery is not a public component of a civil trial."). Plaintiff should not be forced to forego the

time and expense spent on its confidential and proprietary information for the sake of public disclosure, nor is that what the law requires.  A protective order, namely, the one proposed by Plaintiff, will set guidelines for the handling and marking of such confidential and proprietary information, which will appropriately safeguard the information Plaintiff seeks to protect. Additionally, the drawings at issue in this case were never delivered to the Government, and thus, remain Plaintiff's proprietary information.  *See* 48 C.F.R. § 252.227-7033.

Also as stated to the Government, the second reason for seeking a protective order here is to stave off any objection by the Government that Plaintiff was not entitled to production or viewership of a document because it involves communications with or proprietary information from third parties.  It is anticipated that source selection and proprietary information will be at issue in this case because third-party contractor AECOM was the designer of the package at issue here, which was provided as ready-to-build.  *See* **Exhibit B**.  Additionally, the Government is already seeking third parties to do the work that was at issue in this procurement.  Plaintiff and others have bid upon the work.  **Exhibit C**.

Just as the proposed Protective Order would protect Plaintiff's information, it would set forth guidelines for handling and management of third-party and government information as well. Moreover, the DCAA manual establishes security requirements for contractor information, which states that all necessary safeguards for contractor-confidential data should be provided.  *See* DCAA Audit Manual, DCAM 1-507.  Given the contents and continued requirement here, Plaintiff will continue to assert confidentiality over the costs it expended and its pricing approach to the work.

From Plaintiff's understanding, the Government wishes to seek a protective order on a document-by-document basis, should the issue arise.  However, this is not economical or best practice for case management.  When confidential or proprietary information is anticipated, a

3

Protective Order gets ahead of the anticipated issues and provides judicial economy by providing a guide on how the information should be treated.

**III.**  **Conclusion**

Because confidential and proprietary information is anticipated to be at issue in this case, from both the Plaintiff and likely the Government, and for good cause shown, a Protective Order should be entered in this case.

Respectfully submitted,

**NEEL, HOOPER & BANES, P.C.**

Bryant S. Banes
Texas State Bar No.  24035950
Federal ID No.  31149
Sean D. Forbes
Texas State Bar No.  24040916
Federal ID No.  603610
Sarah P. Harris
Texas State Bar No.  24113667
Federal ID No. 3421904
1800 West Loop South, Suite 1750
Houston, Texas  77027
Telephone:  (713) 629-1800
Facsimile:  (713) 629-1812
bbanes@nhblaw.com
sforbes@nhblaw.com
sharris@nhblaw.com

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he has attempted to confer with the Government in good faith regarding the relief sought in this Motion.  The Government is opposed to the relief sought herein.

Bryant S. Banes

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 12, 2023, a true and correct copy of the foregoing has been filed through the CM/ECF system, which caused counsel for Defendant to be served through its counsel of record by electronic means:

James W. Poirier
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C.  20044

Bryant S. Banes